UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PLAS SAMS,<br><br>    Plaintiff,<br><br>v.<br><br>LEANNA LUNDY, et al.<br><br>    Defendants. | No. 1:23-cv-00172-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 13)<br><br>FEBRUARY 2, 2024 DEADLINE |

    Pending before the Court is Plaintiff's pleading entitled "Objection to Nondispositive Order of Magistrate Judge/And Or Motion for Reconsideration" filed on October 18, 2023. (Doc. No. 13, "Motion"). Plaintiff, a former prisoner, initiated this action by filing a civil rights complaint while incarcerated. (Doc. No. 1). For the reasons set forth below, the Court denies Plaintiff's motion.

    The Court construes the motion as filed under Fed. R. Civ. P. 59. Under Rule 59, a party may file a motion to alter or amend a judgment within 28 days. A motion for reconsideration under Rule 59 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Bonilla*, 2019 WL 6618060 *1 (citations omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*

& *Co*., 571 F.3d 873, 880 (9th Cir. 2009).  A Rule 59 motion must be filed within twenty-eight days after entry of judgment.  Fed. R. Civ. P. 59(e).

"A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *U.S. v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff does not sustain his burden under Rule 59 by demonstrating any newly discovered evidence, change of controlling law, clear error or any other ground to grant relief.  Essentially Plaintiff disagrees with the Court's September 22, 2023 Screening Order and its analysis and application of current caselaw and pleading requirements in finding Plaintiff's complaint suffered from serious pleading deficiencies and/or otherwise failed to state a cognizable federal claim.  (See generally Doc. No. 12 at 5-10).  Plaintiff largely repeats his theory that his disparate claims are all connected by a conspiracy amongst numerous prison officials.  (Doc. No. 13 at 3-5).  However, Plaintiff does not present any new or different facts, circumstances, or evidence of a strongly convincing nature, or otherwise satisfy his burden to show that the Court committed clear error, or that the result was manifestly unjust, to justify reconsideration of the prior screening order.  Thus, the Court reaffirms its Screening Order and will afford Plaintiff an opportunity to elect one of the tree options set forth therein.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's construed motion under Fed. R. Civ. P. 59 (Doc. No. 13) is **DENIED**.
2. **No later than February 2, 2024**, Plaintiff shall file a response to the Court's September 22, 2023 Screening Order (Doc. No. 12).  Specifically, Plaintiff shall select one of the three options as stated in the Screening Order: (1) file a First Amended Complaint; (2) file a Notice of Intent to Stand on current Complaint; or (3) file a Notice of Voluntary Dismissal under Rule 41(a)(1).

3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

4. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate should he elect to file a First Amended Complaint.

Dated: January 2, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE