1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JAMES PLAS SAMS                    Case No.  1:23-cv-00172-HBK (PC)

12                 Plaintiff,           ORDER TO RANDOMLY ASSIGN TO
                                        DISTRICT JUDGE
13        v.
                                        FINDINGS AND RECOMMENDATIONS TO
14   LEANNA LUNDY, et al.,              DISMISS ACTION WITHOUT PREJUDICE[1]

15                 Defendants.
                                        (Doc. No. 15)
16
                                        14-DAY DEADLINE
17

18

19        Plaintiff James Plas Sams, a former state prisoner, proceeding pro se and *in forma*

20   *pauperis* in this civil rights action.  For the reasons set forth below, the undersigned recommends

21   that the District Court dismiss this action without prejudice for Plaintiff's failure to comply with a

22   court order and prosecute this action.

23                              **BACKGROUND**

24        Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.

25   (Doc. No. 1, "Complaint").  The Complaint names as Defendants the California Department of

26   Corrections and Rehabilitation ("CDCR"), two Doe defendants, and 13 CDCR staff and

27   ───────────────────────

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

supervisors. (Id. at 2). The Complaint sets forth 17 causes of action, under the 1st, 8th and 14th Amendments, the Americans with Disabilities Act ("ADA"), the Armstrong Remedial Plan ("ARP"), the Bane Act, a state law negligence claim, various combinations of the above causes of action, and a claim for intentional infliction of emotional distress. (Id.).  On September 22, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a screening order finding the Complaint failed to state a federal claim against any Defendant.  (*See generally* Doc. No. 12).  The Court afforded Plaintiff the opportunity to file an amended complaint, stand on his Complaint subject to the undersigned issuing Findings and Recommendations to the district court to dismiss the Complaint for the reasons in the Screening Order, or file a notice of voluntary dismissal.   (*Id*. at 10).

In response, Plaintiff filed a motion for reconsideration (Doc. No. 13), which the Court denied on January 2, 2024 (Doc. No. 15).  In its January 2, 2024 Order, the Court again advised Plaintiff that he must file a response to the Court's September 22, 2023 Order no later than February 2, 2024.[2]  (*Id*. at 2).  The Court expressly warned Plaintiff that if he "fails to timely comply with this Court Order or seek an extension of time to comply" the undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with this Court Order and prosecute this action."  (*Id*. at 3 ¶ 3).  As of the date of this of these Findings and Recommendations, Plaintiff has failed to submit a response to the Court's September 22, 2023 Screening Order, or request a further extension of time to comply, and the time to do so has expired.  (*See* docket.)

## APPLICABLE LAW AND ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with

---

[2] Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule.  Nonetheless, the undersigned afforded ten (10) days before issuing these Findings and Recommendation to provide for mailing.

Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

## B.  Analysis

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its own matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court

1  order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

2          Delays inevitably have the inherent risk that evidence will become stale or witnesses'

3  memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

4  factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

5  to defendant—weighs in favor of dismissal since a presumption of injury arises from the

6  unreasonable delay in prosecuting an action.  *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

7  1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

8  the third factor weighs in favor of dismissal.

9          The fourth factor usually weighs against dismissal because public policy favors the

10  disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

11  However, "this factor lends little support to a party whose responsibility it is to move a case

12  toward disposition on the merits but whose conduct impedes progress in that direction," which is

13  the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

14  1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

15  multiple failures by aspiring litigants to follow the rules and requirements of our courts."

16  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

17  dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

18  order and noting "the weight of the docket-managing factor depends upon the size and load of the

19  docket, and those in the best position to know what that is are our beleaguered trial judges.").

20  Further, as set forth in the Screening Order, the Court already determined that the Complaint, as

21  pled, failed to state a claim, so this factor does not weigh in favor of the Plaintiff.

22          Finally, the Court's warning to a party that failure to obey the court's order will result in

23  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

24  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's January 2, 2024 Order

25  expressly warned Plaintiff that his failure to respond to the Court's Screening Order would result

26  in a recommendation of dismissal of this action.  (Doc. 15 at 3 ¶ 3).  Thus, Plaintiff had adequate

27  warning that dismissal could result from his noncompliance.  And the instant dismissal is a

28  dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby

1  satisfying the fifth factor.

2        After considering the factors set forth *supra* and binding case law, the undersigned

3  recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

4        Accordingly, it is hereby **ORDERED**:

5        The Clerk of Court randomly assign this case to a district judge for consideration of these

6  Findings and Recommendations.

7        It is further **RECOMMENDED**:

8        This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders

9  and failure to prosecute.

10  **NOTICE**

11        These Findings and Recommendations will be submitted to the United States District

12  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13  of the date of service of these Findings and Recommendations, a party may file written objections

14  with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings

15  and Recommendations." A party's failure to file objections within the specified time may result in

16  waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

17  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

18

19  Dated:    February 12, 2024

20                                 HELENA M. BARCH-KUCHTA

21                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28