| | |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES PLAS SAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>LEANNA LUNDY, et al.,<br><br>        Defendants. | Case No. 1:23-cv-0172 JLT HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION WITHOUT PREJUDICE<br><br>(Doc. 20) |

James Sams proceeded *pro se* in this action, in which he sought to hold the defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court dismissed the action after finding Plaintiff failed to prosecute the matter and failed to comply with the Court's order. (Doc. 18.) Plaintiff now seeks reconsideration of the dismissal pursuant to Rule 60(b)(6), asserting "excusable neglect" and other circumstances warrant relief. (Doc. 23 at 1.) For the reasons set forth below, the motion for reconsideration is **DENIED** without prejudice.

**I.      Procedural Background**

Plaintiff initiated this action by filing a complaint on February 6, 2023. (Doc. 1.) After Plaintiff submitted a change of address, indicating his release from custody, Court ordered him to either submit an application to proceed *in forma pauperis* or pay the filing fee. (Docs. 8, 9.) Plaintiff then renewed his request to proceed *in forma pauperis*, and the Court granted the request on August 23, 2023. (Docs. 10, 11.)

1

The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found he failed to state a claim. (Doc. 12.) The Court informed Plaintiff that he had three options: (1) file an amended complaint, (2) notify the Court he wished to stand on the complaint, or (3) file a notice of voluntary dismissal. (*Id.* at 10-11.) Plaintiff requested reconsideration, and the Court denied the motion. (Docs. 13, 15.) The Court ordered Plaintiff to file any amended complaint no later than February 2, 2024. (Doc. 15 at 2.) The Court also informed Plaintiff that if he "faile[ed] to timely comply with this Court Order or seek an extension of time to comply," it would result in dismissal. (*Id.* at 3.)

After Plaintiff did not file an amended complaint or take any another action, the magistrate judge found Plaintiff failed to prosecute the action and failed to obey the Court's order. (Doc. 17.) The magistrate judge considered the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986), and recommended dismissal of the action. (*Id.* at 3-5.) The Court served these Findings and Recommendations on Plaintiff at the address on record. However, the U.S. Postal Service returned the Court's mail as "Undeliverable, Return to Sender, Not Deliverable as Addressed" on February 29, 2024.

Under Local Rule 183(b), Plaintiff had 63 days to file any notice of change of address with the Court following the return by the U.S. Postal Service.[1] Accordingly, the Court waited nearly 80 days prior to taking any further action in the case. On May 17, 2024, the Court reviewed the record, adopted the Findings and Recommendations, and dismissed the action without prejudice for Plaintiff's failure to prosecute and failure to obey the Court's order. (Doc. 18.) The Court entered judgment the same date. (Doc. 19.)

On January 24, 2025, Plaintiff filed the pending motion for reconsideration, seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 20.)

**II.   Relief under Rule 60(b)**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

---

[1] This Local Rule has since been amended to allow 30 days. *See* Local Rule 183(b) (effective Jan. 1, 2025). However, at the relevant time, Local Rule 183(b) granted pro se litigants 63 days to provide a chance of address. *See* Local Rule 183(b) (effective Aug. 7, 2023).

2

proceeding." *Id*. Rule 60(b) indicates such relief may be granted "for the following reasons:"

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted). The moving party "must demonstrate both injury and circumstances beyond his control ...." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks, citation omitted).

### III. Discussion and Analysis

Plaintiff contends relief is appropriate because during February 2024 a police officer and real estate agent "went into a house Plaintiff rented and disposed of … [his] filed and other property." (Doc. 20 at 1.) Plaintiff asserts he had "drafted a new complaint," and suggests it was amongst this property that was disposed. (*Id.*) He reports that he became homeless when the police disposed of his property. (*Id.*) He also reports that he had been incarcerated "for about six

3

months," or since June 2024, and "the Los Angeles County Jail where [he]… had been incarcerated does not provide any access to a law library, [or]any addresses to courts." (*Id.* at 1-2.) Plaintiff contends that he "ha[d] just obtained the case number and the address to this Court" prior to filing the pending motion. (*Id.* at 2.) He argues that reconsideration is warranted due to excusable neglect, and he seeks relief under Rule 60(b)(6). (*Id.* at 3.)

### A. Contradiction with the record

As an initial matter, Plaintiff asserts, "This case and Sams v. CDCR, 5:21-cv-00493-ODW (JDE) (C.D. Cal) were dismissed due to no address." (Doc. 20 at 1.) He contends the Central District reopened his case, and this Court should do the same. (*Id.* at 2.) However, Plaintiff's assertions are contradicted by the record of this Court and the Central District.

This action was not dismissed because the Court lacked a mailing address for Plaintiff. Rather, as discussed above, the Court found Plaintiff failed to prosecute the action and failed to comply with the Court's orders. (*See* Doc. 17.) These findings were made before Plaintiff's failure to provide a current address. However, the Court noted also that dismissal was appropriate for Plaintiff's failure to comply with the Local Rules after the Findings and Recommendations were returned as undeliverable. (*See* Doc. 18 at 2.)

Similarly, the Central District did not dismiss Case No. 5:21-cv-00493 for failure to provide a proper mailing address.[2] Plaintiff filed a notice of change of address in the Central District matter, and the action proceeded until September 2024, when Plaintiff failed to file pretrial documents as ordered. The Central District dismissed Plaintiff's action for failure to prosecute and failure to comply with Court's orders on September 25, 2024. (Case No. 5:21-cv-00493, Doc. 131.) The court recently denied Plaintiff's motions for reconsideration and declined to reopen the action. (*Id.*, Docs. 158, 162.) Toward this end, Plaintiff's assertion that the Court should re-open the action similar to the Central District is without merit.

---

[2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Accordingly, the Court takes limited judicial notice of the docket and records in *Sams v. CDCR*, Case. No. 5:21-cv-00493-ODW-JDE.

**B.     Excusable neglect**

Rule 60(b)(1) allows a court to vacate a final judgment that is based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To assess whether missing a filing deadline constitutes excusable neglect, courts use a four-factor test. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993). The *Pioneer* test is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the defendant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the plaintiff, and (4) whether the plaintiff acted in good faith." *Id.* at 395 (internal citation omitted). The Supreme Court emphasized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

The limited information before the Court does not support a conclusion that Plaintiff exhibited "excusable" neglect. Though Plaintiff asserts that he became homeless in February 2024, his amended complaint was due on February 2, 2024. Any amended complaint should have been mailed *prior* to the property disposal that occurred. Moreover, it is unclear why Plaintiff was not able to file a notice of change of address in this Court—or take any other action to prosecute the pending action—when Plaintiff provided a mailing address to the Central District on March 25, 2024. There is no explanation why Plaintiff did not take any action on this matter between February 2024 and his reincarceration in June 2024, when he was housed at a facility without law library access initially. Given the sparse information—and contradictions between the records and Plaintiff's assertions—the Court is unable to find the *Pioneer* factors support his request for relief under Rule 60(b)(1).

**B.     Extraordinary circumstances**

"To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (cleaned up). Plaintiff fails to identify extraordinary circumstances prevented his compliance with the Court's order to file an amended complaint prior to dismissal of the action. Accordingly, relief is not appropriate under Rule 60(b)(6).

### IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS**: Plaintiff's Rule 60(b) motion for reconsideration (Doc. 20) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: __May 31, 2025__

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE